# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| ANAHITA MUMTAZ, § § *Plaintiff,* § v. § § ALLSTATE VEHICLE AND PROPERTY § INSURANCE COMPANY, § § *Defendant.* § | Civil Action No. 4:22-cv-00542 Judge Mazzant |

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Amended Motion to Limit Attorney Fees and Verified Plea in Abatement Pursuant to Texas Insurance Code § 542A (Dkt. #9). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED in part.**

### BACKGROUND

This case concerns an insurance dispute between Plaintiff Anahita Mumtaz ("Mumtaz") and Allstate Vehicle and Property Insurance Company ("Allstate"). Mumtaz owned a residential home at 13730 Adare Manor Lane, Frisco, Texas, which was insured by Allstate through a homeowner's policy. On or about February 16, 2021, during the insurance policy's coverage period, Mumtaz's home suffered extensive property damage as a result of a winter storm and freeze. She submitted a claim with Allstate, but Allstate refused to fully reimburse her for the claim. On May 31, 2022, Mumtaz brought a lawsuit in the 380th District Court for Collin County, Texas, alleging that Allstate breached the insurance policy and its duties of good faith and fair dealing under it (Dkt. #1, Exhibit 1). Furthermore, Mumtaz alleged causes of action under the Texas Deceptive Trade Practices Act and Chapters 541 and 542 of the Texas Insurance Code, as

well as for declaratory judgment and attorneys' fees (Dkt. #1, Exhibit 1). Allstate removed the case to the Eastern District of Texas on June 29, 2022 (Dkt. #1).

On July 14, 2022, Allstate filed the pending motion and argues that this case should be abated because Mumtaz did not provide proper notice under TEX. INS. CODE. ANN. § 542A.003 (Dkt. #9). Moreover, Allstate asserts that Mumtaz should not recover any attorneys' fees in the present case because she did not provide proper notice under § 542A.003 (Dkt. #9). Subsequently, on July 14, 2022, Mumtaz responded (Dkt. #10). On July 22, 2022, Allstate filed its reply (Dkt. #11).

## LEGAL STANDARD

### I. TEX. INS. CODE ANN. § 542A

Section 542A of the Texas Insurance Code provides the notice requirements to be given to an insurer prior to the bringing of a claim related to certain property damage. *See* TEX. INS. CODE ANN. § 542A.003(a). The purpose of these notice requirements is "to discourage litigation and encourage settlements." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992). Pursuant to § 542A.003,

> (a) . . . [N]ot later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
> (b) The notice required . . . must provide:
> (1) a statement of the acts or omissions giving rise to the claim;
> (2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
> (3) the amount of reasonable and necessary attorney's fees incurred by the claimant . . .
>
> (c) If an attorney or other representative gives the notice . . . on behalf of a claimant, the attorney or representative shall:
> (1) provide a copy of the notice to the claimant; and
> (2) include in the notice a statement that a copy of the notice was provided to the claimant.

TEX. INS. CODE ANN. § 542A.003(a)–(c).

Section 542A allows a defendant who "did not receive a presuit notice complying with Section 542A.003" to "file a plea in abatement not later than the 30th day after the date the person files an original answer." *Id.* § 542A.005(a)(1). "The court *shall* abate the action if the Court finds the person filing the plea . . . did not, for any reason, receive a presuit notice complying with Section 542A.003." *Id.* § 542A.005(b)(1) (emphasis added). The burden of proof is on the party seeking abatement to establish the allegations of its motions. *In re Vanblarcum*, No. 13-1500056-CV, 2015 WL 1869415, at *1 (Tex. App.—Corpus Christi Apr. 22, 2015, pet. denied) (mem. op.) (citing cases). "An abatement under this section [either automatic or court ordered] continues until . . . the 60th day after the date a [complying] notice . . . is given." *Id.* § 542A.005(e)(1).

## II.     Applicability of TEX. INS. CODE ANN. § 542A

"The *Erie* doctrine requires federal courts to apply substantive law when adjudicating state law claims. Procedural matters are however governed by federal law." *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). A law is determined to be procedural or substantive based on whether it "concerns merely the manner and the means by which a right to recover . . . is enforced, or whether such statutory limitation is a matter of substance." *Guar. Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945).

## ANALYSIS

The Court has held that, consistent with the *Erie* doctrine, the presuit notice provisions under § 542A.003 should apply to cases in federal court. *Davis v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-00075, 2018 WL 3207433, at *3 (E.D. Tex. June 29, 2018). Thus, the Court will apply § 542A.003 here. *See id.* Both parties agree that § 542A.003's notice provisions apply to Mumtaz's claims.[1] The only issue is whether Mumtaz's presuit notice to Allstate satisfied the

---

[1] The Court further notes that Allstate timely filed its plea in abatement under TEX. INS. CODE ANN. § 542A.005(a) because Allstate filed its plea in abatement before filing its answer in this Court. *See* TEX. INS. CODE ANN.

3

statutory requirements. Mumtaz provided presuit notice to Allstate on March 2, 2022, in the form of a demand letter (Dkt. #10, Exhibit 1), but the notice is deficient under § 542A.003 for two different reasons.

Under § 542A.003, a claimant's presuit notice "must provide . . . the amount of reasonable and necessary attorney's fees incurred by the claimant . . . as of the date the notice is given . . . ." TEX. INS. CODE ANN. § 542A.003(b)(3). Furthermore, "[i]f an attorney gives the notice . . . on behalf of a claimant, the attorney or representative shall . . . include in the notice a statement that a copy of the notice was provided to the claimant." *Id.* § 542A.003(c)(2). Before filing suit, Mumtaz's attorney provided notice to Allstate that Mumtaz intended to file a lawsuit regarding her insurance claim (Dkt. #10, Exhibit 1). But, fatally, this presuit notice lacked (1) any statement that a copy of the notice was provided to Mumtaz or (2) the amount of reasonable and necessary attorneys' fees that Mumtaz incurred—two facts which Mumtaz does not dispute. *See* (Dkt. #10, Exhibit 1). Therefore, Mumtaz's presuit notice failed to abide by § 542A.003's notice requirements. *See* TEX. INS. CODE ANN. § 542A.003(b)(3), (c)(2). In such a situation, the Court must abate the case until sixty (60) days after Mumtaz provides proper presuit notice as required by § 542A.003. *See id.* § 542A.005(b)(1); *see also Davis*, 2018 WL 3207433, at *3; *Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 758–59 (S.D. Tex. 2018). While Mumtaz argues that she was excused from complying with § 542A.003 because Allstate had "ample notice" regarding her lawsuit, this argument is unavailing considering the plain language of § 542A.003 and other relevant provisions in the Texas Insurance Code. *See* TEX. INS. CODE ANN. § 542A.003(a) ("In addition to any other notice required by law or the applicable insurance policy . . . the claimant

---

§ 542A.005(a) ("[A] person against whom an action to which this chapter applies is pending may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending . . ."); *see also* (Dkt. #9; Dkt. #14).

*must give written notice . . . in accordance with this section as a prerequisite to filing the action.*") (emphasis added); TEX. INS. CODE ANN. § 542A.005(b)(1) ("The court *shall* abate the action if the Court finds the person filing the plea . . . did not, *for any reason*, receive a presuit notice complying with Section 542A.003 . . . .") (emphasis added).[2] Accordingly, the Court will abate the present case.

Considering Mumtaz's failure to provide proper notice under § 542A.003, Allstate also avers that Mumtaz cannot recover any attorneys' fees in the present case in accordance with TEX. INS. CODE ANN. § 542A.007(d). The Court disagrees with Allstate's interpretation of the relevant statute and how it applies here. Section 542A.007(d) provides:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a *presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2)* at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court.

*Id.* § 542A.007(d) (emphasis added). Contrary to Allstate's contention, § 542A.007(d) does not preclude attorneys' fees if a claimant failed to abide by § 542A.003's notice requirements for *any* reason. *See id.* The statute only limits fees if the claimant did not provide notice "stating the specific amount alleged to be *owed by the insurer under Section 542A.003(b)(2)* . . . ." *Id.* (emphasis added). Notably, § 542A.003(b)(2) requires notice regarding "the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property . . . ." *Id.* § 542A.003(b)(2). And here, Mumtaz's presuit notice contained the amount that she claimed

---

[2] Section 542A.003 does not require giving presuit notice if such notice is "impracticable" because either "(1) the claimant has a reasonable basis for believing there is insufficient time to give the presuit notice before the limitations period will expire . . . or (2) the action is asserted as a counterclaim." TEX. INS. CODE ANN. § 542A.003(d). Mumtaz's claim does not fall within the latter exception, and she makes no argument regarding the former. Thus, Mumtaz was still required to give notice here.

5

Allstate owed (Dkt. #10, Exhibit 1 at p. 2). Specifically, Mumtaz alleged that Allstate owed $204,101.76 for not fully reimbursing her claim (Dkt. #10, Exhibit 1 at p. 2). The presuit notice, therefore, met § 542A.003(b)(2)'s requirement—which Allstate implicitly recognizes in its reply by stating that Mumtaz's "notice provide[d] an amount Plaintiff claims as damages . . ." (Dkt. #11 at p. 1). Accordingly, the Court will not limit Mumtaz's fees under § 542A.007(d).

## CONCLUSION

It is therefore **ORDERED** that Defendant's Amended Motion to Limit Attorney Fees and Verified Plea in Abatement Pursuant to Texas Insurance Code § 542A (Dkt. #9) is hereby **GRANTED in part.**

It is further **ORDERED** that this action is **ABATED** and will remain in abatement until sixty (60) days after the date Mumtaz provides Allstate with proper presuit notice as required under § 542A.003. The parties are further **ORDERED** to file a joint status report regarding the status of the completion of this requirement no later than thirty (30) days from the date of this Order.

   **IT IS SO ORDERED.**

   SIGNED this 9th day of January, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE